IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:
SHOW CAUSE ORDER DATED
DECEMBER 12, 2025

Civil No. _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1442(a)(1), the United States of America, on behalf of The Federal Communications Commission ("FCC"), by and through counsel, Kelly O. Hayes, United States Attorney, and Tianna S. Bethune, Assistant United States Attorney, hereby files this Notice of Removal to the United States District Court for the District of Maryland. In support thereof, the United States of America states as follows:

1. On August 25, 2023, Plaintiff commenced a civil action in the District Court for Montgomery County, Maryland - Silver Spring, Case No. D-06-CV-23-017868 ("the State Court Action"). The State Court Action involves a garnishment proceeding against the FCC. The FCC is a federal agency. A copy of all pleadings and order received by undersigned counsel are attached hereto.

2. The FCC is not a party in this pending lawsuit but is listed as a garnishee.

3. On December 12, 2025, the District Court for Montgomery County, Maryland, entered a Show Cause Order directing that FCC General Counsel, Adam Candeub, appear in this Court on February 27, 2026, at 1:30 p.m., to show cause why the Court should not find him in contempt for refusing or failing to respond to a writ of garnishment of wages issued on May 8, 2025. A copy of the Show Cause Order is attached.

4. On or about January 9, 2026, the United States Attorney's Office for the District of Maryland received notice of this action via email from the FCC. The United States Attorney for the District of Maryland has not yet been formally served with the relevant writs of garnishment or the Order to Show Cause. Nor does this office have notice that the United States Attorney General has been served.

5. Pursuant to 28 U.S.C. § 1442(a)(1), the Show Cause Order may be removed to this Court because it is a civil order against or directed to an agency and officer of the United States. *See also United States v. Williams,* 170 F.3d 431, 432 (4th Cir. 1999) (permitting removal of a state court subpoena and order to show cause from the Circuit Court for Anne Arundel County, Maryland, to the United States District Court for the District of Maryland); *Metcalfe v. Ultimate Sys., Ltd.,* 346 F. Supp. 2d 950, 952-53 (N.D. Ohio 2004) (permitting removal of two state court orders against a federal agency from state to federal court); *In re: Amended Show Cause Order Dated May 18, 2010*, Case No. 6:10-cv-267, 2010 WL 11531103, at *1 (E.D. Tex. May 27, 2010) (permitting removal of a show cause order and two subpoenas against and directed to a federal prison warden and employee from state to federal court).

6. Removal of this action is also timely under 28 U.S.C. § 1446(b), which requires a Defendant to file a notice of removal "within 30 days after receipt" of "a copy of the initial pleading…"). The 30-day time limit is triggered after formal service of process. *See* N'Jai v. Boyd, No. 1:24-CV-02068-JRR, 2024 WL 4651029, at *4 (D. Md. Nov. 1, 2024) ("Because Plaintiff had not effectuated service upon the United States, as required by the Maryland Rules, USPS had not been properly served at the time of its removal, and its removal was thus timely per 28 U.S.C. § 1446(b)(1)."); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.C. 344, 348-50 (1999) ("Service of process . . .is fundamental to any procedural imposition on a named defendant"); *Hill*

*v. Barker,* 2005 WL 1271851, at *2 (D. Md. May 26, 2005) ("The time for removal runs from receipt of a complaint and summons through service"); *see also Samuels v. Two Farms, Inc.*, Civil Action No. 2010 WL 4103670, at *1 (D. Md. Oct. 18, 2010) ("State law determines whether service while the case was before a state court was proper."). Informal receipt of a complaint is not sufficient to trigger the 30-day clock. *Id.*

Here, it appears that Plaintiff has not served the United States Attorney or the United States Attorney General, as required. *See* FED. R. CIV. P. 4(i); MD Rule 3-124(m). Because service of process has not been completed, the 30-day deadline by which FCC must file its notice of removal has not been triggered, making this Notice of Removal timely.

WHEREFORE, the Show Cause Order entered against the FCC on December 12, 2025, in the District Court for Montgomery County, Maryland, in *Emesowum vs. Moises Ardon et al,*. Case Number D-06-CV-23-017868, is properly removed.

          Respectfully submitted,

          Kelly O. Hayes
          United States Attorney

By: */s/ Tianna Bethune*
    Tianna Bethune (Bar No. 31376)
    Assistant United States Attorney
    36 South Charles Street, 4th Floor
    Baltimore, Maryland 21201
    (410) 209-4922 (direct)
    Tianna.Bethune@usdoj.gov

    *Counsel for the Federal Communications Commission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February 2026, a copy of the foregoing *Notice of Removal* was served electronically and via U.S. mail, first class, postage prepaid, on:

Ben Emesowum
6030 Marshalee Dr
Suite M167
Elkridge, MD 21075

*Plaintiff*

                                                */s/ Tianna Bethune*
                                                Tianna Bethune
                                                Assistant United States Attorney